THE PEOPLE *ex rel.* The People's Gas Light and Coke Company, Petitioner, *vs.* FREDERICK A. SMITH, Judge, *et al.* Respondents.

*Opinion filed October 24, 1916.*

1. MANDAMUS—*mandamus lies to compel expunging of order made without jurisdiction.* Mandamus is an appropriate remedy to compel the expunging of a void order made by a court or judge without jurisdiction, but the writ cannot be used as a means of reviewing the order of a judge in a matter he had jurisdiction of.

2. SAME—*power of the executive committee of circuit judges in Cook county to transfer case.* The provision of the rules of the circuit court of Cook county that the executive committee may transfer any case to any judge of another division if in its judgment the due administration of justice renders such course advisable is reasonable, and the propriety of the transfer of a case in accordance with such provision cannot be reviewed in a *mandamus* proceeding to compel the judge to whom the case was transferred to expunge orders made by him.

3. SAME—*transfer of case has no effect upon the cause.* The transfer of a case by the executive committee of the circuit court of Cook county is a mere administrative act which does not affect the cause itself or the orders already entered, and if the case is placed upon the wrong docket the judge to whom the cause is transferred has power to order it placed upon the proper docket.

ORIGINAL petition for *mandamus.*

MEAGHER, WHITNEY, RICKS & SULLIVAN, (JESSE J. RICKS, EDWIN HEDRICK, and JAMES J. GUINAN, of counsel,) for petitioner.

EDGAR B. TOLMAN, ALBERT M. KALES, and HERBERT POPE, for respondent Frederick A. Smith.

SAMUEL A. ETTELSON, Corporation Counsel, DONALD R. RICHBERG, and GLENN E. PLUMB, for respondent the city of Chicago.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the February term, 1916, leave was granted to the People's Gas Light and Coke Company to file a petition for a writ of *mandamus* against Frederick A. Smith, judge of the circuit court of Cook county, to compel him to vacate and expunge from the records of that court a certain order made on January 4, 1916, and three orders on February 7, 1916, in the matter of a petition of the People's Gas Light and Coke Company to review and determine rates for gas prescribed by an ordinance of the city of Chicago. An answer was filed by Judge Smith and the city of Chicago, which was also made respondent. A demurrer was filed to the answer, and the cause has been submitted for determination on the pleadings.

The material facts presented by the record are, that on July 17, 1911, the city council of the city of Chicago passed an ordinance fixing rates for gas for the five years succeeding the passage of the ordinance. The People's Gas Light and Coke Company, under the authority of section 1 of the act authorizing the fixing of rates, (Hurd's Stat. 1916, p. 511,) on July 31, 1911, filed a petition in the circuit court of Cook county alleging the rates fixed to be unjust and unreasonable and asking the court to review and determine them as provided by law, and to that end to make all such ancillary or other orders as should seem meet and proper. The petition named no one as defendant, prayed no process and none was issued. It was placed on the common law docket, and on August 2, 1911, on motion of the petitioner an order was entered directing that until the final

action of the court the People's Gas Light and Coke Company should charge, collect and receive for gas a certain rate in excess of that fixed by the ordinance, and that an order should issue restraining the city of Chicago, and its officers, agents, servants and employees, from in any way enforcing, or attempting to enforce, the ordinance fixing rates for gas, or any of the provisions thereof, against the People's Gas Light and Coke Company, and restraining the People's Gas Light and Coke Company, its officers, agents, servants and employees, from charging, accepting or collecting for gas any sum in excess of the price specified in the order. No further proceedings were had in the cause for more than four years, until October 7, 1915, when the appearance of the city of Chicago was entered in writing by its corporation counsel and special counsel and an answer and a cross-bill were filed on behalf of the city. The prayer of the cross-bill was that the People's Gas Light and Coke Company should be restrained from violating the ordinance; that it should make a complete and detailed discovery as to the affairs of the corporation, the amount actually invested in it, its property, earnings, expenditures, interest, collections, the present value of its property, the cost of the production of gas and the receipts from its sale, and that the company be required to pay into some responsible depository all amounts of money which had been charged and collected in excess of the rates prescribed by the ordinance, to be held by such depository until the final determination of the case. A motion was made by the city of Chicago to transfer the cause from the law to the chancery division of the court, and a motion by the People's Gas Light and Coke Company to strike from the files the cross-bill. On November 5, 1915, the motion for the transfer of the petition to the chancery side of the court was denied and the petition was referred to a special commissioner to take evidence respecting the reasonableness of the rates prescribed by the ordinance, and report it, together with his findings of fact

and conclusions of law, to the court. On November 8 the motion to strike the cross-bill from the files was denied, but it was ordered that "the confederating part, the inter-rogating part, the prayer for process and for relief" be stricken out. It was further ordered that "the charging part and statement of facts are permitted to stand in the nature of an answer to the petition, which are considered to be denied and are hereby denied without filing any formal pleadings." On November 13, 1915, the city of Chicago moved to vacate the orders of November 5 and November 8, and afterwards, on January 4, 1916, the following order was entered:

*"People's Gas Light and Coke Co.* ⎫
              vs.                   ⎬          Gen. No. 307,743.
        *City of Chicago.*         ⎭

Circuit Court of Cook County.—Chancery.

"It appearing to the court that application has heretofore been made for the transfer of the above entitled cause from his Honor Judge Gibbons, sitting as a law judge, to the chancery side of this court; and it further appearing that the executive committee of the judges of the circuit court, after consideration of the matters involved, reached the conclusion that 'the due administration of the business of the court makes it advisable to transfer' this cause to a judge of the chancery division; and said conclusion of the executive committee having heretofore been approved by the affirmative vote of the judges of the circuit court at a meeting held to consider the matter.

"Now, therefore, the executive committee of this court being still of the opinion that 'the due administration of the business of the court makes it advisable so to do,' it is ordered that said cause be, and it is hereby, transferred from the common law side of the court to the chancery side thereof and assigned to his Honor Judge Frederick A. Smith, whose duty it shall be to hear and decide the cause so transferred to him as expeditiously as possible, all in conformity with Rule No. 5 of the general rules of the circuit court.

Approved:                          CHARLES M. WALKER,
                                   JESSE A. BALDWIN,
                                        *Executive Committee.*

Enter:                             FREDERICK A. SMITH,
                                        *Chief Justice."*

Thereupon the city of Chicago renewed its motion to vacate the orders of November 5 and November 8, and the People's Gas Light and Coke Company made a motion to vacate and expunge from the record the order entered on January 4, 1916, and afterwards, on February 7, 1916, Judge Smith, acting as judge of the circuit court of Cook county, sustained the motion of the city and vacated the orders of November 5 and November 8, 1915, denied the motion of the People's Gas Light and Coke Company to vacate and expunge the order entered on January 4, 1916, and denied a motion made by the People's Gas Light and Coke Company to vacate and set aside the order entered vacating the orders entered on November 5 and November 8. The orders which the relator seeks by *mandamus* to have expunged are the order of January 4, transferring the cause from the common law to the chancery side thereof and assigning it to Judge Smith, and the three orders of February 7, 1916, whereby the orders of November 5 and 8 were vacated and the motions of the People's Gas Light and Coke Company to vacate and expunge were denied.

The rules of the circuit court of Cook county provide for an executive committee, to consist of the chief justice and one representative from each of the two divisions of the court, chancery and common law. Rules 5 and 7 provide as follows:

"Rule 5. The executive committee of each court shall have power, if in its judgment an emergency requires or the due administration of the business of the court makes it advisable, to transfer any case to any judge of another division, and it shall be the duty of such judge to hear and decide the case so transferred to him as expeditiously as possible."

"Rule 7. All causes and matters shall be distributed among the two divisions of the respective courts, and the judges thereof, in such manner as may from time to time be determined by any orders of the said executive commit-

tees, and in the meantime as the causes are now distributed upon the common law and chancery dockets."

On January 4, 1916, Judge Smith was chief justice of the circuit court, and together with Judge Charles M. Walker, representing the law division, and Judge Jesse A. Baldwin, representing the chancery division, constituted the executive committee, Judge Smith having been assigned, pursuant to law, to hear the chancery docket for the court year of 1915 and 1916. During the first part of January Judge Gibbons was absent from Cook county and the State of Illinois, and on January 3 an order was entered by Judge Smith assigning Judge E. M. Mangan, of the city court of Aurora, to hold court in the circuit court of Cook county in place of Judge Gibbons from January 3, 1916, until the return to duty of Judge Gibbons. Judge Gibbons was absent on January 4, 1916, when the order complained of was made.

*Mandamus* is an appropriate remedy to compel the expunging of a void order made by a court or judge without jurisdiction. (*People* v. *Wells,* 255 Ill. 450; *People* v. *Petit,* 266 id. 628.) It cannot be used as a means of reviewing the order of a judge in a matter of which he had jurisdiction. The question is, therefore, whether Judge Smith had jurisdiction to make an order transferring a cause from the docket of one judge and assigning it to another.

The county of Cook constitutes one judicial circuit, and the circuit court of Cook county consists of twenty judges, whose jurisdiction is co-ordinate. It is manifest that some arrangement among the judges is essential to the methodical dispatch of business, and the statute provides that the circuit courts may make all such rules for the orderly disposition of business before them as may be deemed expedient, consistent with the law. The executive committee established by the rules has supervision of the work of the court, and it is that committee's duty to see to the due ad-

ministration of the business of the court. It is expressly authorized, if in its judgment such due administration makes it advisable, to transfer any case to any judge of another division. The transfer in this case was made in the regular way provided by the rules and is not subject to revision in a proceeding for *mandamus*. If the arrangement for the disposition of business embodied in the rules can be disregarded, any individual judge might proceed independently, to the destruction of any system in the administration of business. The rules are the rules of the court and are binding on each of the judges, unless in a particular case, for good cause, they may be disregarded. We can not consider the question whether there exists a sufficient cause for the transfer of the case. The only question for us is whether the act of transferring the cause was in accord with the rules and the rules within the power of the court. It is not necessary to be determined whether the cause was properly on the common law docket or not. If in the judgment of the executive committee the due administration of the business of the court made the transfer of the cause advisable it had jurisdiction to order the transfer. If the cause was placed on the wrong docket, either by the clerk's action or by the order of the court, the judge to whom the cause was transferred had the power to order it placed upon the proper docket. The act of transfer was merely an administrative act. It had no effect on the cause. It decided no legal question in the case. It merely designated the judge to whom those questions were to be submitted. The order of January 4 transferring the case to Judge Smith was within his jurisdiction.

The fact that the cause had been referred for the taking of evidence and that some evidence had been taken does not affect the question. Such orders as had been made and such action as had been taken are not affected by the transfer. The condition of the case is in no way affected, but future orders will be made by Judge Smith instead of

Judge Gibbons. Since the cause was properly transferred to Judge Smith his subsequent orders were within his jurisdiction, and he cannot by *mandamus* be required to expunge or reconsider them.

The writ of *mandamus* is therefore denied.

*Writ denied.*