(No. 34264.—

THE PEOPLE *ex rel.* August A. Bauer *et al.,* Petitioners, *vs.* CHARLES D. HENRY, Circuit Judge, Respondent.

*Opinion filed January 24, 1957.*

BUTZ, BLANKE & STITH, of Kankakee, for petitioners.

EVA L. MINOR, and MAYNARD R. BISSONNETTE, both of Kankee, for respondent.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

By leave of this court, an original petition for *mandamus* has been filed directed to the Honorable Charles D. Henry, judge of the circuit court of Kankakee County. The petitioners ask that Judge Henry be ordered to enter a decree of injunction against P. W. Sawyer in accordance with the opinion and mandate of this court in *Bauer* v. *Sawyer,* 8 Ill.2d 351.

In that case a group of Kankakee doctors, petitioners here, asked the circuit court of Kankakee County to enjoin P. W. Sawyer, a former associate of theirs, from practicing medicine in the city of Kankakee or within a radius of 25 miles from that city for a period of five years, based on a certain partnership agreement.

The trial court dismissed the complaint for want of equity, but the Appellate Court reversed. The cause was remanded "with directions to issue the injunction as prayed for in the amended complaint." (6 Ill. App.2d 178, 204.) Leave to appeal was allowed, and this court affirmed the judgment of the Appellate Court. The final paragraph of our opinion stated: "The judgment of the Appellate Court, reversing the decree of the trial court and remanding the cause with directions to issue the injunction, is affirmed, with further directions to proceed in accordance with the views expressed herein." 8 Ill.2d 351, 362.

Despite the directions in our opinion and the mandate conforming thereto, the respondent refused to issue the injunction. To justify this refusal he refers to that part of the opinion which states that "The issuance of an injunction need not await the assessment of interim damages and the determination of a net balance," claiming that this vested him with discretion as to whether to issue the injunction immediately or await the determination of those other questions.

But as appears from the context of our opinion, the sentence relied upon was consistent with the directions to issue the injunction at once, in that it indicated there was no reason to delay the injunction pending the assessment of interim damages and the determination of a net balance.

The directions of this court were clear and unambiguous, and the trial court was under a mandatory duty to follow them. Accordingly, a writ of *mandamus* is ordered to issue commanding the respondent to comply with our opinion and mandate in *Bauer* v. *Sawyer,* 8 Ill.2d 351, by issuing the injunction forthwith.

*Writ awarded.*