(No. 47276

THE PEOPLE *ex rel.* BERNARD CAREY, Petitioner, v. EARL E. STRAYHORN, Judge, *et al.,* Respondents.

*Opinion filed June 2, 1975.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for petitioner.

James J. Doherty, Public Defender, Michael P.

Toomin and Leo E. Holt, all of Chicago (Kathryn J. Kuhlen, John Thomas Moran and William P. Murphy, Assistant Public Defenders, of counsel), for respondents.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

We allowed the motion of petitioner, Bernard Carey, State's Attorney of Cook County, for leave to file a petition seeking *mandamus* (Rule 381) or alternatively a supervisory order directed to the Honorable Earl E. Strayhorn, judge of the circuit court of Cook County, a respondent herein.

In a 29-count indictment, returned in the circuit court of Cook County, respondents Eugene Ford, Lloyd Lindsey and Willie Robinson (hereafter defendants) were charged with murder, burglary, aggravated battery, rape and arson.

The People filed a motion for pretrial discovery pursuant to Rule 413, which requested, *inter alia,* notice of any defenses which the defendants intended to assert and the names and last known addresses of the persons whom they intended to call as witnesses. Attached to the motion was a "Request for Notice of Alibi Defense" in which defendants were requested to furnish "1. Names and addresses of all alibi witnesses; 2. The place where the alibi witnesses maintain the defendants were when the alleged offense was committed." The "request" also advised defendants that "Upon receipt of names and addresses of defense alibi witnesses, the State will furnish, prior to trial, the names and addresses of rebuttal alibi witnesses if not previously mentioned in a list of witnesses."

The circuit court, and the parties, appear to have been in agreement that the "Request for Notice of Alibi Defense" was not a separate document, but was a part of the People's motion for pretrial discovery, included therein for the purpose of making explicit that the motion for discovery included the requested alibi information. The circuit court directed defendants to respond to the

discovery motion "with the exception of the notice of alibi and the listing of any witnesses you choose to call if you intend to use an alibi."

In this original action petitioner seeks the issuance of a writ of *mandamus* or, alternatively, the entry of a supervisory order, to compel the respondent judge "to grant the petitioner's motion for notice of any alibi defense, including the names and addresses of all alibi witnesses and the place where the alibi witnesses claim the defendant was when the alleged offense was committed."

Petitioner contends that "Pursuant to a motion seeking discovery under Rule 413(d) of the Supreme Court Rules, a defendant must give notice of his intention to interpose an alibi defense, the witnesses who will testify in support of that defense, and the place they will maintain the defendant was when the offense was committed." He argues that the People's motion "Put the defendant on notice of the People's intention to furnish, prior to trial, the names and addresses of alibi rebuttal witnesses in accordance with the requirements of due process as declared in *Wardius v. Oregon,* 412 U.S. 470 (1973) and *People v. Fields,* 59 Ill.2d 516, \*\*\*" and that the respondent judge improperly denied that part of the discovery motion which sought the notice of any alibi defense.

Defendants contend that the circuit court's denial of the People's motion seeking disclosure of the alibi defense was a discretionary judicial act not reviewable by *mandamus.* They contend further that under the provisions of section 114—9(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—9(c)) the People are not required to supply the names of rebuttal witnesses, that their offer so to do is "unenforceable" and that "respondents [defendants] cannot be assured they will receive the reciprocal discovery to which they are entitled." Respondent Strayhorn, in a separate brief, argues that although the circuit court was possessed of power to enforce the

People's agreement as set forth in the request for notice of alibi defense, Rule 413(d) cannot "take the place of the unconstitutional notice of alibi statute" and is "facially in violation of due process of law under *Wardius v. Oregon.*"

We consider first the contentions concerning whether this is an appropriate case for the exercise of original jurisdiction. The record shows that the respondent circuit judge concluded that the rules of discovery in criminal cases (Rules 411 through 415) were not applicable to a defense of alibi, and that absent the statute (ch. 38, par. 114—14) held invalid in *People v. Fields,* 59 Ill.2d 516, there was no authority for ordering the discovery sought by the People. Although petitioner does not dispute defendants' contention that the respondent circuit judge rendered a judicial decision not ordinarily reviewable by *mandamus,* he argues that the issue presented is of great importance, and that the usual appellate procedures do not provide an adequate method to determine the question. We have previously held that in the exercise of its supervisory and administrative powers, this court, when the issues involved are of great importance, may award *mandamus* even though all of the normal criteria for its use are not present. This case presents an issue appropriately considered in an original action in *mandamus. People ex rel. Hanrahan v. Power,* 54 Ill.2d 154; *People v. Sears,* 49 Ill.2d 14.

The rules providing for discovery in criminal cases (Rules 411 through 415) became effective on October 1, 1971. The alibi defense statute (ch. 38, par. 114—14) was added to the Code of Criminal Procedure in 1967 (Laws of 1967, at 2808-9), and in an opinion filed on December 4, 1970 (*People v. Holiday,* 47 Ill.2d 300), was held to be constitutional. With a valid statute in force and effect when the rules were promulgated, there was no reason to include the defense of alibi in the disclosures contemplated by Rule 413(d).

Following our decision in *Holiday* and the adoption of

our rules providing for discovery in criminal cases, the Supreme Court, in *Wardius v. Oregon,* 412 U.S. 470, 37 L. Ed. 2d 82, 93 S. Ct. 2208, held unconstitutional an Oregon statute which precluded a defendant, who had failed to comply with its notice provisions, from introducing evidence to prove an alibi. The Supreme Court referred to its earlier decision in *Williams v. Florida,* 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893, in which it had held valid a Florida rule of criminal procedure requiring disclosure of an alibi defense, and upon which decision this court relied in *Holiday,* and said, "The *Williams* Court was therefore careful to note that 'Florida law provides for liberal discovery by the defendant against the State, and the notice-of-alibi rule is itself carefully hedged with reciprocal duties requiring state disclosure to the defendant.' [Citation.] The same cannot be said of Oregon law. *** Oregon grants no discovery rights to criminal defendants ***. More significantly, Oregon, unlike Florida, has no provision which requires the State to reveal the names and addresses of witnesses it plans to use to refute an alibi defense. *** [D]iscovery must be a two-way street. The State may not insist that trials be run as a 'search for truth' so far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." (412 U.S. 470, 474-476, 37 L. Ed. 2d 82, 87-88, 93 S. Ct. 2208.) The court concluded: "Thus, in the absence of fair notice that he would have an opportunity to discover the State's rebuttal witnesses, petitioner cannot be compelled to reveal his alibi defense." 412 U.S. 470, 479, 37 L. Ed. 2d 82, 90, 93 S. Ct. 2208.

When this court decided *Holiday,* section 114—9 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 114—9) provided for discovery of prosecution

witnesses, but, as was pointed out in that opinion, subparagraph (c) of section 114—9 expressly excluded rebuttal witnesses from its purview. After noting that section 114—14 of the Code of Criminal Procedure (the alibi notice statute) also failed to provide for discovery of the People's alibi rebuttal witnesses the court said, "Provision for discovery of alibi-rebuttal witnesses would act to further implement the concept of a trial as a search for the truth, and we commend the matter as an appropriate subject for consideration by the General Assembly." (47 Ill.2d 300, 304.) In the "General Recommendations Concerning the Administration of Justice" contained in the Annual Report submitted to the General Assembly on January 31, 1975 (see Ill. Const. (1970), art. VI, sec. 17), we advised the General Assembly of our decision in *Fields*, recommended the repeal of section 114—14 and, referring to our rules providing for discovery in criminal cases, said: "These rules are broad enough to require the defense, upon the motion of the prosecution, to reveal (1) the fact that it intends to interject an alibi defense, and (2) the names and addresses of the witnesses they intend to call to establish that defense, and to require the prosecution, upon motion of the defense, to identify witnesses it intends to call to rebut the alibi defense—together with any written or recorded statements made by any witness to the prosecution." Annual Report to General Assembly, page 37 (1975).

We hold that the rules providing for discovery in criminal cases are applicable to the defense of alibi, that Rules 412, 413 and 415(b) are broad enough to provide the disclosures required under *Wardius* and that section 114—9(c) of the Code of Criminal Procedure is invalid.

We consider next whether, on this record, a writ of *mandamus* should issue. It is apparent that as we have now construed the criminal discovery rules, the respondent circuit judge érred in holding that Rule 413(d) did not apply to the defense of alibi. It is equally apparent,

however, that the People's waiver of section 114—9(c), unless the provisions of Rules 412 and 415(b) were thereby made applicable, did not provide the reciprocal discovery mandated by *Wardius*. Under these circumstances the action sought by petitioner cannot be compelled by *mandamus*. *People ex rel. Chesapeake and Ohio Ry. Co. v. Donovan*, 30 Ill.2d 178; *People ex rel. Barnes v. Chytraus*, 228 Ill. 194.

Although *mandamus* will not issue, we find, because of the importance of the question presented, that a supervisory order is here appropriate. It is ordered that the circuit court vacate that portion of its order which denied the disclosure of alibi witnesses and reconsider petitioner's motion in the light of this opinion.

*Writ denied; supervisory order entered.*