2024 IL App (1st) 232419-U

No. 1-23-2419B

Order filed February 29, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| vs. | ) ) | No. 23 CR 8164 |
| MARQUIS ODOM, | ) ) | Honorable Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court's order imposing electronic monitoring is reversed where the court failed to comply with our previous mandate.

¶ 2     The defendant Marquis Odom appeals the circuit court's order imposing electronic monitoring (EM) as a condition of pretrial release, pursuant to section 110-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-5 (West 2022)). Odom was arrested and indicted prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] On September 20,

---

[1] "The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1. *Raoul* lifted the stay of pretrial release provisions and set an effective date of Sep. 18, 2023. *Id.* at ¶ 52; Pub. Acts 101-652, § 10-255, 102 1104, § 70 (eff. Jan. 1, 2023).

2023, the State filed a petition to deny Odom pretrial release. Following a hearing, the circuit court denied the petition but imposed EM as a condition of release. On appeal, we reversed and remanded for the court to comply with section 5/110-5(g) of the Code. 725 ILCS 5/110-5(g) (West 2022). On remand, the circuit court again imposed EM as a condition of release. Odom appeals. For the following reasons, we reverse and remand.

¶ 3                                         I. BACKGROUND

¶ 4        A full recitation of the facts regarding the State's verified petition to deny pretrial release, the subsequent hearing, and the circuit court's resulting order can be found in this court's order from Odom's previous pretrial appeal. *People v. Odom*, 2023 IL App (1st) 231751-U (*Odom I*) (reversing the court's order imposing EM and remanding for compliance with 5/110-5(g) of the Code). The court conducted another detention hearing on December 15, 2023. The State proceeded by way of proffer—offering a nearly identical recount of the incident leading to Odom's arrest. Defense counsel argued that the State had offered no new evidence and highlighted that the court had previously determined Odom was not dangerous. Counsel argued that EM was therefore an inappropriate pretrial release condition. Based upon the court's previous findings and *Odom I*, counsel asked that Odom be released with basic conditions.

¶ 5        The court again denied the State's motion, ruling:

> "Okay. Well, once again I've considered the petition and the proffer made by the People, the Defendant's presentation in mitigation and to be consistent, I am not persuaded that detention is appropriate, so I'm going to deny the State's request for a pre-trial detention, however, I do believe that based on the facts of the case the Defendant entering a public place; specifically a gas station, with a loaded Beretta in his pocket and that he has a prior conviction for the same offense; aggravated unlawful use of a weapon, I'm going to decline the Defense request that no conditions of pre-trial release be imposed and I am

2

going to impose Electronic Monitoring; Sheriff's Electronic Monitoring, based on the fact that I believe that Mr. Odom while carrying a loaded gun in a public area with his prior criminal background does present a danger to the community based on the facts that I heard and for those reasons, the Court will place Mr. Odom on Sheriff's Electronic Monitoring per the order."

Defense counsel then asked the court if it believed that its order was consistent with our mandate in *Odom I*. The court replied,

"I do. If you want to appeal me again, Mr. Chatman. If you read the opinion, they criticized me for not phrasing the fact that he—that he didn't—there's no question I thought he was [*sic*] a flight risk, but because I did not enter the fact that he was danger to a particular person or the community at large. Upon my review of the order, that was not written in on the petition, so I believe he is a danger to the community at large. Maybe I didn't articulate that at the time, but that's what I believe and that's the reason why I believe he should be placed on Sheriff's Electronic Monitoring."

¶ 6 In response, defense counsel noted that the record reflects that the court found that Odom was not a danger to any person or persons. The court responded,

"I don't believe that I found that because I think that's why I put him on *** EM in the first place because I found that he was a danger to the community; not any particular person, and if I didn't I am so finding now. As the mandate indicated I can conduct a hearing which is what I just did."

Before entering its written order, the court specified:

"Just so the record is clear, the Court finds that the State has shown by clear and convincing evidence that the proof is evident and the presumption is great that he committed an eligible offense and that the Court finds that the Defendant poses a real and

present threat to the safety of the community based on what was presented in the proffer; specifically, a loaded firearm in a public area, having previously been convicted of a firearm violation in 2015."

Thereafter, defense counsel objected to the court's findings and reiterated that he believed the findings were not consistent with the ruling in *Odom I*. Odom filed a timely notice of appeal on December 18, 2023.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, Odom argues that the circuit court failed to comply with the mandate in *Odom I* and improperly imposed EM as a pretrial release condition, despite the court's findings that Odom does not pose a danger to any identifiable person or persons and is not a flight risk. Additionally, Odom argues: (1) the State failed to prove by clear and convincing evidence that Odom violated the safety standard based on the specific articulable facts of the case and EM is a necessary condition of pretrial release; (2) the circuit court failed to consider all relevant factors set forth in section 5/110-5(a) of the Code when determining the conditions of pretrial release; (4) EM is not a necessary condition of release to ensure Odom's appearance in court; and (5) EM is not the least restrictive condition of release. For relief, Odom requests we vacate the circuit court's order imposing EM and release him *instanter* with only standard conditions.

¶ 9        In its responsive memorandum, the State agrees with Odom that "the circuit court failed to comply with the appellate court's general remand instructions and erred by reimposing electronic monitoring as a condition of defendant's pretrial release." The State concedes that "the plain language of the statue [*sic*] governing electronic monitoring as a condition of pretrial release makes clear that it cannot be imposed absent one of two statutory conditions." Therefore, the State requests that we reverse the circuit court's order imposing EM and remand for compliance with *Odom I*.

¶ 10        In considering this appeal, we have reviewed the following documents which Odom and the State have submitted under Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023): (1) Odom's notice of appeal pursuant to the Act, (2) the supporting record, (3) Odom's supporting memorandum, and (4) the State's response to Odom's memorandum.

¶ 11        Both parties agree we should apply the *de novo* standard when reviewing whether the circuit court complied with the mandate in *Odom I*. We agree that *de novo* review is appropriate. "Where directions from a reviewing court are specific, the court to which the cause is remanded has a positive duty to enter an order or decree in accordance with the directions contained in the mandate." *People v. Payne*, 2018 IL App. (3d) 160105, ¶ 9 (citing *People ex rel. Daley v. Schreier*, 92 Ill. 2d 271, 276 (1982)). "Whether the trial judge complied with this court's mandate is a question of law subject to de novo review." *Id*. at ¶ 9 (citing *Emerald Casino, Inc. v. Illinois Gaming Board*, 366 Ill. App. 3d 113, 118 (2006)).

¶ 12        We agree with Odom and the State that the circuit court failed to properly comply with our preceding order. In *Odom I*, we noted that:

> " Regarding EM, the Code specifically states:
>
> 'Electronic monitoring, GPS monitoring, or home confinement can only be imposed as a condition of pretrial release if a no less restrictive condition of release or combination of less restrictive condition of release would reasonably ensure the appearance of the defendant for later hearings or protect an identifiable person or persons from imminent threat of serious physical harm.' 725 ILCS 5/110-5(g) (West 2022).
>
> Further, if EM is imposed, the court 'shall set forth in the record the basis for its finding.' 725 ILCS 5/110-5(h) (West 2022).

* * *

Section 5/110-5(g) of the Code specifically enumerates that EM can only be imposed if necessary to (1) ensure the defendant's appearance for later hearings or (2) protect an *identifiable* person [or persons] from imminent threat of serious physical harm. 725 ILCS 5/110-5(g) (West 2022). As the statute is drafted, it appears to this court that the circuit court is restricted from imposing EM as a condition of pretrial release unless one of the two above conditions is met." (Emphasis in original).

¶ 13      As the court did not make findings that either of the two conditions had been met in this case, we found that "the circuit court did not comport with the plain language of the statute as drafted when it imposed EM as a condition of release." Accordingly, the case was remanded for the court to hold a new detention hearing and "and conduct further proceedings consistent with this order."

¶ 14      Following a new detention hearing on remand, the circuit court again determined that detention was not appropriate given the facts of the case and imposed EM as a pretrial release condition. It is clear from the court's oral findings and written ruling that it believed Odom posed a threat to the safety of the *community*. However, the court specifically asserted that Odom does not pose an imminent threat of serious physical harm to any *identifiable* person or persons. Likewise, the court found that there was no evidence to support that Odom was a flight risk or that Odom would not appear for further court proceedings. Accordingly, the circuit court again failed to comply with the plain language of section 5/110-5(g), as drafted, in imposing EM on Odom. 725 ILCS 5/110-5(g) (West 2022).

¶ 15                                  III. CONCLUSION

¶ 16      Following a thorough review of the record on appeal, for the reasons stated, we find that the circuit court failed to comply with our mandate in *Odom I*. The circuit court improperly ordered EM despite its repeated findings that Odom did not pose an imminent danger to an identifiable

person or persons and was not a flight risk. Since section 5/110-5(g) of the Code, as written, mandates that EM cannot be imposed absent one of those two statutory conditions, we reverse the circuit court's order imposing EM. As the circuit court has repeatedly determined that pretrial detention is inappropriate in this case, we remand for the court to impose conditions of release consistent with subsection (b) of Section 110-10 of the Code, excluding EM. 725 ILCS 5/110-10(b) (West 2022). The mandate in this case shall issue immediately. See *People v. Gil*, 2019 IL App (1st) 192419, ¶ 21.

¶ 17        Reversed and remanded with directions.