THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILMON BOSLEY, Defendant-Appellant.

Second District   Nos. 2—87—1108, 2—88—0289 cons.

Opinion filed April 27, 1990.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

On April 8, 1987, the defendant, Wilmon Bosley, was indicted for nine counts of aggravated criminal sexual abuse and four counts of ag-

gravated criminal assault against six different victims. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(b)(1), 12—16(c)(1).) Following a severance of counts, the State proceeded on counts VIII and IX, which charged the defendant with one count each of aggravated criminal sexual assault and aggravated criminal sexual abuse against six-year-old D.R. After a bench trial, the court found the defendant guilty of both counts.

On September 15, 1987, a negotiated plea agreement was reached wherein the defendant agreed to plead guilty to count V of the indictment, charging aggravated criminal sexual assault against D.R.'s 11-year-old sister, C.R. In exchange for the plea, the State agreed to nol-pros the remaining counts of the indictment and assured the defendant he would not receive a sentence consecutive to those received for the aggravated sexual offenses against D.R.

The defendant's motion for a new trial was denied, and on October 21, 1987, a sentencing hearing was conducted and the court imposed three extended, concurrent 55-year terms of imprisonment. Defendant's motion to reconsider the extended terms imposed was also denied, and his notice of appeal was filed. The defendant's subsequent motion to withdraw his guilty plea as to count V was denied on March 16, 1988, and notice of appeal filed the same day. On defendant's motion, we consolidated the appeals.

The defendant contends the extended-term sentences imposed must be reversed and the cause remanded for resentencing where: (1) they were doubly enhanced by the victim's ages; (2) they were the result of the consideration of several improper aggravating factors; and (3) they were excessive due to the court's reliance on facts not in evidence, its own personal opinions, and its failure to consider the defendant's psychological evaluation. We reverse and remand for resentencing.

The defendant's bench trial occurred on September 9, 1987. After the court determined D.R., then seven years old, was competent to testify, she was shown two dolls which she correctly differentiated as male and female by identifying certain of their anatomical parts. D.R. referred to the vagina as the "coochie" and the penis as a "ding-a-ling." D.R. related that one unspecified time, the defendant, who was the pastor of the Sunrise Church of God in Waukegan which her family attended, was taking her family to church. On that occasion, the defendant reached behind him and rubbed D.R.'s "coochie." D.R. related that her brothers and sisters were in the car along with her grandmother, who was blind. D.R. related another incident when her family was assisting the defendant in cleaning the church. As D.R. washed down the benches, the defendant approached her, picked her

up and wrapped her legs around his torso. He unbuttoned his trousers, exposing his "ding-a-ling," which, according to D.R., he then put in her "coochie." The defendant admonished D.R. not to talk about the incident.

D.R. related a third incident in which the defendant was driving her family to the hospital to visit her grandfather. She was sitting in the front seat on this trip, and while en route to the hospital, the defendant grabbed her head and forced her to put her mouth on his "ding-a-ling." D.R. testified the only person she told about the incident in the church was her sister, C.R.

After the court found her competent to testify, C.R., then 12 years old, testified she saw the defendant rub her sister D.R.'s vagina during a car trip. She recalled that when her family was cleaning the church, D.R. was in the front of the church cleaning off the benches. C.R. stated D.R. told her of a particular incident involving the defendant which had occurred at the church. C.R. also recalled the defendant taking the family to the hospital to see her grandfather. She observed the defendant holding D.R.'s head down in his lap.

D.R.'s brother, J.T., testified he recalled an incident where the defendant reached behind him while he was driving and rubbed D.R.'s vagina. J.T. recalled another incident where the family was with the defendant cleaning his church on a Saturday. At that time, J.T. saw the defendant pick up his sister D.R. and hold her on his lap. D.R.'s legs were around the defendant's waist, and he was pressing his body towards her.

The defendant testified on his own behalf, recounting his relationship with D.R.'s family. He explained that besides being their pastor, he had a standing invitation for dinner and often took his meals there. He acknowledged that on a number of occasions he would find the children's behavior wanting and would "put the belt on their butts." While acknowledging that as part of the procedure of their church he sometimes hugged the children, he specifically denied touching D.R. in her private area. He also denied rubbing D.R.'s vagina and forcing her to perform oral sex on him.

The court found the defendant guilty of aggravated criminal sexual assault as charged in count VIII and aggravated criminal sexual abuse as charged in count IX of the indictment.

Subsequently, on September 15, 1987, the parties represented to the court that they had reached a negotiated plea agreement on count V of the indictment, which charged the aggravated criminal sexual assault of C.R. In exchange for his plea of guilty to that offense, the defendant was assured he would not receive a consecutive sentence to

his sentences on the previous convictions of counts VIII and IX and the remainder of the charges would be nol-prossed.

The assistant State's Attorney presented the factual basis for the plea. C.R. would testify that the defendant had her lie down on her living room couch, pulled down her underwear, exposed his penis to her and then put his penis in her vagina. She would further testify that this incident occurred on a Friday evening in February following attendance at church. Her brother, T.R., would testify that he saw the defendant lying on top of C.R. on the couch in the living room and saw him moving up and down on top of her. The court accepted the defendant's plea of guilty.

As noted, the defendant was sentenced to the Department of Corrections for three extended, concurrent 55-year terms of imprisonment.

The defendant first argues his extended sentences must be reversed and the cause remanded for resentencing because they were improperly doubly enhanced based on the ages of the complainants. The classes of the offenses and, thus, the applicable penalties, were enhanced once from Class 1 to Class X (aggravated criminal sexual assault) and from Class A misdemeanor to Class 2 felony (aggravated criminal sexual abuse) by virtue of the fact the defendant was over the age of 17 and each of the complainants was under the age of 13. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(b)(1), 12—16(c)(1).) The punishments were enhanced a second time when the court imposed extended terms pursuant to sections 5—8—2 and 5—5—3.2(c) of the Unified Code of Corrections (Code of Corrections) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2; Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(c)).

The State argues the defendant's extended sentences were proper where the court specifically relied on section 5—5—3.2(c) of the Code of Corrections in imposing them. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(c).) That section provides:

"(c) The court may impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed and who was convicted of aggravated criminal sexual assault where the victim was under 18 years of age at the time of the commission of the offense." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(c).)

We point out subsection (c) relates specifically only to convictions of aggravated criminal sexual assault and was amended by Public Act 85—1433, effective January 11, 1989, deleting the phrase "who was at least 17 years old on the date the crime was committed." Ill. Ann. Stat., ch. 38, par. 1005—5—3.2 (Smith-Hurd Supp. 1989).

The State argues subsection (c) is—and the trial court so construed it—an exception to the line of authority which states that the victim's age cannot be considered as an aggravating factor at sentencing when the age of the victim is inherent in the offense. (See, *e.g., People v. Giller* (1987), 162 Ill. App. 3d 209; *People v. Fletcher* (1987), 156 Ill. App. 3d 405; *People v. Campos* (1987), 155 Ill. App. 3d 348.) The State's position is that the intent of subsection (c) is to provide authority for the trial court to impose an extended-term sentence on any defendant convicted of an aggravated criminal sexual assault on a person under the age of 18, regardless of the factor which aggravated the crime to a felony in the first place.

■ Although the State's position finds support in *People v. Ferguson* (1989), 132 Ill. 2d 86, 98-99, it ignores the fact subsection (c) was added to section 5—5—3.2 by Public Act 85—1428, effective July 1, 1987. The offenses at bar were alleged to have been committed during the period December 1, 1986, to March 29, 1987. It is well established that a defendant is entitled to be sentenced in accord with the law in effect at the time of the offenses. (*People v. Cross* (1979), 77 Ill. 2d 396, 409; *People v. Hanserd* (1989), 189 Ill. App. 3d 924, 928.) "The constitutional prohibition against *ex post facto* laws prevents the punishment for an offense being increased by an amendatory act taking effect after the offense has been committed. Except where the punishment is mitigated by the provision of the new law the defendant is entitled to have his punishment fixed under the law as it stood at the time of the commission of the crime." (*People v. Ostrowski* (1920), 293 Ill. 91, 93.) Justice and fundamental fairness dictate relaxation of the principle of waiver when the defendant has failed to raise an *ex post facto* law issue. See *People v. Hollins* (1972), 51 Ill. 2d 68, 70.

■ The addition of subsection (c) clearly did nothing to mitigate the punishment applicable to the defendant at the time of the offenses. At that time, section 5—5—3.2 of the Code of Corrections provided:

> "(b) the following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—5—2 upon any offender who was at least 17 years old on the date the crime was committed:
>
> * * *
>
> (3) When a defendant is convicted of any felony committed against:
>
> (i) a person under 12 years of age at the time of the offense."

Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i).

In *People v. Ferguson* (1989), 132 Ill. 2d 86, 98, the Illinois Supreme Court held that "the age of the victim should not be considered

for the imposition of an additional penalty [an extended term] under section 5—5—3.2(b)(3)(i) *where the penalty for the underlying offense has already been enhanced based on the age of the victim.*" (Emphasis added.) (132 Ill. 2d at 98.) The supreme court believed its holding was supported by the subsequent addition of subsection (c) to section 5—5—3.2. It regarded subsection (c) to be "an example of a clear expression of legislative intent to permit a double enhancement of the penalty," an expression which it found to be lacking in section 5—5—3.2(b)(3)(i). 132 Ill. 2d at 98-99.

In light of the effective date of subsection (c) and the holding in *Ferguson*, we conclude the defendant's extended sentences were improper. Accordingly, the defendant's three extended, concurrent 55-year terms of imprisonment are reversed. Because it appears from the record that the court placed significant weight on the victim's ages in imposing the extended terms, we remand the cause for resentencing. (See *Ferguson*, 132 Ill. 2d at 99-100.) Also, because certain of the remaining issues may arise on remand, we briefly address them.

Initially, we note *sua sponte* an apparent conflict between the court's oral pronouncement of the sentence and its written sentencing order. Orally, the court sentenced the defendant to "a term of 55 years in the Department of Corrections, as to each of the offenses, *the two offenses. And the remaining charges are dismissed.*" (Emphasis added.) Its written order shows its judgment that the defendant is guilty of the crime[s] of "Aggravated Criminal Sexual Assault—Aggravated Criminal Sexual Assault—Aggravated Criminal Sexual Abuse" and that the defendant is "sentenced to the Department of Corrections for a period of fifty-five (55) years—*said sentence to run concurrently with each charge.*" (Emphasis added.) It thus appears the defendant was sentenced to extended terms of 55 years' imprisonment for each of two Class X felonies and one Class 2 felony.

■ Extended-term sentences, however, may be imposed only for "the class of the most serious offense of which the offender was convicted." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2(a).) Assuming for purposes of this discussion that the formal written judgment and sentence order of the court controls over its oral pronouncements (*People v. Hayslette* (1982), 107 Ill. App. 3d 647, 650), we find the extended-term sentence imposed on the defendant for his conviction of aggravated criminal sexual abuse must be reversed for that additional reason, as well. His conviction of that offense remains intact inasmuch as it was a separate offense against D.R. and not a lesser-included offense of the aggravated criminal sexual assault offense against her.

■ Next, we agree with the defendant that the court erred in con-

sidering he fell within the aggravating factors relating to the holding of public office and being obliged by the duties of his office or by his position to prevent the particular offense committed or to bring the offenders committing it to justice. (Ill. Rev. Stat., 1986 Supp., ch. 38, pars. 1005—5—3.2(a)(4), (a)(5); Ill. Rev. Stat. 1985, ch. 38, par. 2—18.) We believe the court was correct, however, in finding the defendant fell within the aggravating factor relating to a defendant who holds a "position of trust or supervision" as further provided in the statute. (Ill. Rev. Stat., 1986 Supp., ch. 38, par. 1005—5—3.2(a)(12).) Inasmuch as the record shows the court considered these three aggravating factors in tandem rather than separately, we do not find the error contributed significantly to the length of the sentences imposed, particularly where there were numerous other factors in aggravation, including prior criminal activity.

We find the record does not support the defendant's further contention that the court triply enhanced his sentence by also considering the complainants' ages in determining the length of the extended terms imposed. The comments made by the court concerning the girls' ages was a reference to the extended-term provision. The court's rundown of the factors in aggravation did not include the girls' ages.

██ Finally, we reject the defendant's excessive-sentence contention, wherein he claims the trial judge relied on facts not in evidence, improperly injected his own personal opinion on the subject, and failed to consider the defendant's psychological evaluation.

The court's comment concerning the rate of recidivism for sex offenders who receive no counselling was a personal observation made in the course of discussing the defendant's rehabilitative potential. The court was not relying on facts not in evidence. Although such personal observations are not encouraged, they may be found to be of no consequence where the record shows the court otherwise considered proper sentencing factors. (*People v. Steppan* (1985), 105 Ill. 2d 310, 322-23.) We believe the court's comment was logically prompted in this instance by reason of the defendant's conviction 20 years earlier for indecent liberties and was of no untoward consequence in the exercise of its sentencing discretion.

We further reject defendant's contention the court fashioned the sentence pursuant to its own personal opinion, citing in support *People v. Bolyard* (1975), 61 Ill. 2d 583. Defendant points only to the fact that the "entire tenor" of the court's remarks indicate it found the instant offenses to be particularly egregious. That the instant offenses *are* considered particularly egregious is clearly reflected in the present sentencing scheme which allows double enhancement of the penalty for

such offenses. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(c); *Ferguson*, 132 Ill. 2d at 99.) That aside, *Bolyard* is not persuasive where the sentencing practice which required remand there was the court's substitution of its own personal policy in the place of statutorily mandated sentencing standards. No similar personal policy of the court is evidence in the instant cause.

We digress at this point to deny the defendant's motion for reconsideration of our August 8, 1989, order granting the State's motion to strike defendant's appendix A which we ordered to be taken with the case. Appendix A is a copy of a study of sentencing patterns as applied to felony sex offenders and nonsex offenders. The defendant argues that had the court's assertedly improper sentencing remarks been subject to an adversarial response, "counsel may have been able to direct the court to such studies" as appendix A and thereby change its opinion concerning the rate of recidivism. The thrust of the study does not concern recidivism, however. Rather, it explores whether sanctions against sex offenders are disproportionately harsh in relation to those received by nonsex offenders, and it concludes they are. As the State notes, evidence which is not part of the record is not to be considered by a reviewing court. (*People v. Phillips* (1987), 159 Ill. App. 3d 483.) Moreover, appendix A does not qualify as a citation of relevant authority in support of the defendant's argument on appeal. (113 Ill. 2d R. 341(e)(7).) Accordingly, we reaffirm our prior decision striking defendant's appendix A.

Finally, we reject the defendant's contention the court gave no consideration to the report of the defendant's psychological evaluation. The record shows the trial judge specifically mentioned he considered the report, albeit he did not mention that part of the report which opined the defendant "may have been victimized himself at least on two occasions as a child, though he denied ever being molested." The trial court need not state each factor it considered in imposing sentence. *People v. Petrovic* (1986), 146 Ill. App. 3d 857.

For the reasons expressed above, the defendant's sentences are reversed, and the cause is remanded for further proceedings consistent with this opinion.

Sentences reversed; cause remanded.

REINHARD and McLAREN, JJ., concur.