THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILMON BOSLEY, Defendant-Appellant.

Second District   Nos. 2—90—1029, 2—90—1394 cons.

Opinion filed August 13, 1992.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

Defendant was convicted, following a bench trial, of the offenses of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)) and aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1)), both offenses involving one victim, D.R. Defendant subsequently pleaded guilty to another aggravated criminal sexual assault charge involving a different victim, C.R. The 55-year extended-term sentences imposed for the three convictions were reversed by this court in *People v. Bosley* (1990), 197 Ill. App. 3d 215, and the cause was remanded for further proceedings. Following remand, the court sentenced defendant to a term of 30 years' imprisonment for the original aggravated criminal sexual assault conviction. However, the trial court vacated defendant's conviction based upon his guilty plea and transferred the cause to a different judge for trial. Defendant raises two issues on appeal: (1) whether the trial court exceeded the appellate court's mandate in vacating his conviction based upon the guilty plea; and (2) whether the sentence imposed was excessive.

On April 8, 1987, defendant was charged by indictment with nine counts of aggravated criminal sexual abuse and four counts of aggravated criminal sexual assault against six different victims. Defendant's motion for severance was granted, the court ruling that the charges relating to each victim would be tried separately. Following a bench trial, the circuit court found defendant guilty of aggravated criminal sexual assault and aggravated criminal sexual abuse against six-year-old D.R. The testimony presented at trial is summarized in our previous opinion (see *Bosley*, 197 Ill. App. 3d at 217-18) and will not be repeated in detail here. Essentially, testimony was presented that D.R. and her brothers and sisters lived with their blind grandmother. Defendant was pastor of the church that D.R.'s family attended. D.R. testified that defendant rubbed her vagina on several occasions when defendant was driving her family to church, that defendant engaged in vaginal intercourse with her on one occasion when her family was assisting defendant

in cleaning the church, and that defendant forced her to put her mouth on his penis on one occasion when defendant was driving her family to the hospital.

Six days after defendant's first trial, the parties represented to the court that they had reached a negotiated plea agreement regarding count V of the indictment that charged the aggravated criminal sexual assault of C.R., D.R.'s 11-year-old sister. In exchange for defendant's plea of guilty to that offense, the State agreed that defendant would not receive consecutive sentences and that the remaining charges against him would be nol-prossed. The circuit court accepted the plea agreement limiting its discretion in sentencing to concurrent sentences.

A presentence investigation report was prepared indicating that defendant was 55 years old. He had been convicted of the offense of indecent liberties in the State of Washington in 1966. Defendant had numerous convictions of traffic offenses in Illinois and Wisconsin, including a conviction in Wisconsin of the discharge of a firearm into a vehicle. Defendant's psychological evaluation stated that his reality testing seemed questionable and that he appeared out of touch with his own as well as others' feelings. The evaluation noted that defendant clearly saw the young girls he victimized as sexual and that although defendant "has positive feelings about children, he elevates them to adult states [sic] and looks to them to meet his needs." Finally, the evaluation indicated the possibility that defendant "may have been victimized himself at least on two occasions as a child, though he denied ever being molested."

At defendant's sentencing hearing on October 21, 1987, the circuit court found defendant eligible for an extended-term sentence pursuant to sections 5—8—2 and 5—5—3.2(c) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—2, 1005—5—3.2(c)) and sentenced defendant to three concurrent 55-year terms of imprisonment. Defendant filed a motion to withdraw his guilty plea, which was denied, and then filed a notice of appeal.

In his first appeal, defendant argued that his extended-term sentences were improperly imposed. We agreed based upon the fact that subsection (c) of section 5—5—3.2 of the Code, which provides that an extended-term sentence may be imposed upon an offender "convicted of aggravated criminal sexual assault where the victim was under 18 years of age at the time of the commission of the offense" (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(c)), was not effective until July 1, 1987, after the dates defendant committed his offenses. (*Bosley*, 197 Ill. App. 3d at 220-21.) We also noted that the

55-year sentence imposed for the aggravated criminal sexual abuse conviction was clearly improper. *Bosley*, 197 Ill. App. 3d at 221.

Addressing defendant's excessive sentence arguments as likely to reoccur on remand, however, we found the circuit court had committed no reversible error. The trial court's consideration of an improper aggravating factor did not contribute significantly to the length of the sentences imposed, and defendant's other contentions lacked merit. (*Bosley*, 197 Ill. App. 3d at 222.) Numerous other factors existed in aggravation, including defendant's prior criminal activity and the legislature's conclusion that such offenses are "particularly egregious." (*Bosley*, 197 Ill. App. 3d at 222-23.) The circuit court's comment, in discussing defendant's rehabilitative potential, regarding the rate of recidivision for sex offenders who receive no counseling was "logically prompted in this instance by reason of the defendant's conviction 20 years earlier for indecent liberties and was of no untoward consequence in the exercise of its sentencing discretion." (*Bosley*, 197 Ill. App. 3d at 222.) Finally, we rejected defendant's contention that the circuit court gave no consideration to the defendant's psychological evaluation, including that part of the evaluation stating that defendant may have been victimized himself as a child, because the circuit court expressly indicated that it considered the report. *Bosley*, 197 Ill. App. 3d at 223.

We concluded our opinion with the statement:
> "For the reasons expressed above, the defendant's sentences are reversed, and the cause is remanded for further proceedings consistent with this opinion."

The mandate to the circuit court of Lake County, which issued July 13, 1990, similarly stated that "defendant's sentences are reversed, and the cause is remanded for further proceedings consistent with the views expressed in the opinion filed herein."

An updated presentence investigation report was therefore prepared, and a new sentencing hearing was held on September 7, 1991. At the beginning of the hearing, the circuit court noted that, based upon the appellate court's mandate, defendant's cause was back to the same status as prior to the original sentencing hearing and that the circuit court had accepted the plea agreement, which provided that a consecutive sentence could not be imposed, with the understanding that defendant was eligible for an extended-term sentence. Therefore, after the appellate court determined that defendant could not be sentenced to an extended term in the Department of Corrections, the circuit court had the option to reject the plea agreement.

At defendant's sentencing hearing, his sister testified that defendant was always very helpful to her, her children and her grandchildren. Defendant testified that he had been working while in prison, had not had any tickets or violations in prison and had been participating in Bible classes and religious gatherings.

The circuit court then discussed the evidence presented at trial and at the sentencing hearing and the aggravating factors to consider. It concluded that defendant was a danger to children and sentenced him to a term of 30 years for the aggravated criminal sexual assault conviction entered after trial. It vacated the aggravated criminal sexual abuse conviction. The circuit court also stated, regarding defendant's guilty plea to the other count of aggravated criminal sexual assault, "I find that the negotiation presented with a 30 years limitation is unconscionable, and I reject it as far as the sentencing, itself, was concerned." The circuit court then vacated defendant's conviction of that offense, reinstated the charges against defendant that had been nol-prossed by the State as part of the plea agreement, and transferred the cause to another judge.

Defendant filed a notice of appeal regarding his sentence and later filed a motion to reconsider the rejection of his guilty plea. Defendant argued that the circuit court did not have the authority to reject his guilty plea as it was revested with jurisdiction by the appellate court for the limited purpose of resentencing defendant. The circuit court denied the motion and informed defense counsel that the order was not final and appealable because the cause was assigned to another judge for trial.

On November 21, 1990, prior to such trial defendant filed a motion to dismiss count V of the indictment against him. Defendant argued that the circuit court refused to resentence defendant regarding that charge as required by the appellate court's mandate and that "[f]urther prosecution on Count V of the indictment is barred by the double jeopardy clauses of both the U.S. and Illinois constitutions." The judge denied this motion, and defendant filed a second notice of appeal. We granted defendant's motion to consolidate his two appeals.

■■ Defendant first argues that his motion to dismiss count V of the indictment should have been granted because the circuit court did not have jurisdiction to vacate defendant's conviction based upon his previously accepted guilty plea. Defendant's jurisdictional statement notes that the appeal from the order denying his motion to dismiss is brought pursuant to Supreme Court Rule 604(f) (134 Ill. 2d R. 604(f)). This rule provides that a "defendant may ap-

peal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." 134 Ill. 2d R. 604(f).

The main thrust of defendant's argument is that the circuit court exceeded the mandate issued by the appellate court when it vacated defendant's conviction based upon his guilty plea, reinstated the charges against him that had been nol-prossed by the State, and then transferred the cause to a different judge for trial. Defendant argues that the circuit court acted without jurisdiction thereby requiring that its order be reversed and vacated. Defendant then argues, in three sentences and without explaining why one follows the other, that count V should therefore be dismissed on the basis of double jeopardy.

The State concedes that the circuit court exceeded the scope of our mandate when it vacated defendant's conviction. The State, however, questions our jurisdiction to remedy the matter as the circuit court's actions clearly did not implicate double jeopardy concerns, and defendant has appealed only from the circuit court's denial of his motion to dismiss based upon double jeopardy pursuant to Rule 604(f) (134 Ill. 2d R. 604(f)). Because of such posture of the case, it argues that this court can only affirm the denial of defendant's motion to dismiss.

■ We agree with defendant and the State that the circuit court exceeded our mandate when it vacated defendant's conviction of aggravated criminal sexual assault based upon his plea of guilty to count V of the indictment. When "a reviewing court issues a mandate, it vests the trial court with jurisdiction to take only such action as conforms to that mandate." (*People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 276; see also *People v. Lucas* (1991), 215 Ill. App. 3d 148, 153.) If specific directions are not given by the reviewing court, the trial court must determine from the nature of the case what further proceedings are proper and consistent with the opinion. (*People v. Abata* (1988), 165 Ill. App. 3d 184, 187.) "When a mandate issues which remands a cause to the trial court for proceedings consistent with the opinion issued by the reviewing court, the trial court must look to the opinion for directions and will of necessity construe the language of the opinion when needed." (*People v. Palmer* (1992), 148 Ill. 2d 70, 81.) Any order issued by a trial court outside of the scope of the mandate is void for lack of jurisdiction (*Schreier*, 92 Ill. 2d at 276-77) and must be reversed and vacated (*People v. Palmer* (1990), 193 Ill. App. 3d 745,

749, *aff'd in part and rev'd in part on other grounds* (1992), 148 Ill. 2d 70).

■ In this cause, the appellate court mandate did not specifically state that the cause was remanded for resentencing. (*Cf. Schreier*, 92 Ill. 2d at 274 (order of supreme court stated that "cause is remanded to the circuit court with directions to resentence defendants in accordance with law" (emphasis omitted)).) However, we did state that only defendant's sentences were reversed and that the cause was remanded for further proceedings consistent with the opinion. Defendant's convictions were therefore left intact, and the only thing for the circuit court to do, based upon the nature of the case and consistent with the opinion, was to resentence defendant for the offenses of which he remained convicted. Therefore, the circuit court lacked jurisdiction to vacate defendant's conviction based upon his plea of guilty to count V of the indictment.

As the circuit court's order was void, the order could not violate the constitutional guarantee against double jeopardy (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10). We do not agree with the State, however, that we lack jurisdiction to vacate the trial court's order and must simply affirm the order appealed from that denied defendant's motion to dismiss based upon double jeopardy. Although it is fairly apparent that defendant was using his motion to dismiss merely as a vehicle to obtain appellate review, we nevertheless have jurisdiction to consider the issues raised by defendant on appeal.

■ The circuit court's order that vacated defendant's conviction was beyond the scope of this court's mandate and void. (See *Schreier*, 92 Ill. 2d at 276-77.) A void order may be attacked at any time, either directly or collaterally (*R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309; *In re T.E.* (1981), 85 Ill. 2d 326, 335) and may always be challenged on appeal (*People v. Elliott* (1992), 225 Ill. App. 3d 747, 755; *In re Franklin* (1976), 42 Ill. App. 3d 129, 133). As the order appealed from was based upon the prior void order, the timeliness of the appeal is not at issue. See *In re J.E.* (1992), 228 Ill. App. 3d 315, 317-18.

The circuit court's order vacating defendant's conviction was entered without jurisdiction and was void, and we therefore vacate the order. The cause is remanded for resentencing for that conviction. The sentence should be imposed in accordance with our previously issued mandate and the plea agreement that was the basis of defendant's conviction.

Defendant also argues that the 30-year sentence imposed is excessive and should be reduced. Defendant contends that the circuit court's conclusion that defendant had absolutely no possibility of rehabilitation is not supported by the record. Defendant also again complains that the circuit court gave inadequate consideration to the psychological evaluation of defendant. Defendant places special emphasis on the statement in the evaluation that defendant may have been victimized himself as a child. Defendant notes that there was "no mention of defendant's sexually troubled youth" by the circuit court and asserts that a troubled home situation can be a factor worthy of mitigating consideration.

A circuit court's sentencing determination is entitled to great deference. (*People v. Illgen* (1991), 145 Ill. 2d 353, 379.) When a sentence is within the statutory limits, it should be disturbed only if the circuit court abused its discretion. (See *People v. Perruquet* (1977), 68 Ill. 2d 149, 153.) As long as the circuit court "does not consider incompetent evidence, improper aggravating factors, or ignore pertinent mitigating factors, it has wide latitude in sentencing a defendant to any term within the statutory range prescribed for the offense." (*People v. Hernandez* (1990), 204 Ill. App. 3d 732, 740.) It is appropriate for a circuit court to give weight to the seriousness of the offense. (See *People v. Smith* (1991), 214 Ill. App. 3d 327, 341.) In fact, the seriousness of the offense has been called the most important factor to consider in imposing sentence. *Hernandez*, 204 Ill. App. 3d at 740.

Arguments very similar to those raised here were rejected on defendant's prior appeal. Defendant has not persuaded us that the trial court's conduct at the second sentencing hearing was substantially different from that at the first sentencing hearing. Therefore, defendant cannot establish error based upon arguments we have already rejected.

Additionally, the psychological evaluation included only a brief mention that defendant "may have" been victimized as a child and further stated that defendant denied being molested. Defendant presented no evidence at either sentencing hearing that he was in fact victimized as a child or that he had a troubled childhood. Therefore, there was little evidence that defendant had a "sexually troubled youth" worthy of consideration as a mitigating factor. The trial court adequately considered the appropriate sentencing factors, including the seriousness of the offense, and the sentence imposed was not an abuse of the trial court's discretion.

For the foregoing reasons, we affirm the sentence imposed for defendant's conviction of aggravated criminal sexual assault entered after trial but vacate that portion of the trial court's judgment that vacated defendant's conviction of aggravated criminal sexual assault entered pursuant to his guilty plea. The cause is remanded for re-sentencing for that offense in accordance with our previously issued mandate and in conformance with the plea agreement that formed the basis of defendant's conviction.

Affirmed in part; vacated in part and remanded with directions.

WOODWARD and GEIGER, JJ., concur.