Nos. 2--07--0299 & 2--07--0300 cons.        Filed:  1-14-08

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE CITY OF NAPERVILLE, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05--TR--145344 |
| | ) | |
| JACK MANN, | ) | Honorable |
| | ) | Kenneth Moy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

| | | |
|---|---|---|
| THE CITY OF NAPERVILLE, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05--TR--149739 |
| | ) | |
| JACK MANN, | ) | Honorable |
| | ) | Kenneth Moy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

At issue in these consolidated appeals is whether the trial court erred in vacating orders that

discharged defendant, Jack Mann, from court supervision.  Defendant argues that, due to the passage

of time, the trial court's jurisdiction to vacate the discharge orders lapsed.  We agree.

Naperville police officers issued speeding tickets to defendant on September 28, 2005 (case

No. 05--TR--145344), and on October 5, 2005 (case No. 05--TR--149739).  Both cases were

prosecuted by the City of Naperville (City) under the City's traffic ordinances.  On October 20, 2005,

defendant entered guilty pleas in both cases and was placed on supervision for six months. As conditions of supervision, defendant was required to pay fines and costs, perform three days of service in the Sheriff's Work Alternative Program (SWAP) (case No. 05--TR--149739), and attend traffic school (case No. 05--TR--145344). Defendant was to report to the trial court on April 13, 2006, but he failed to appear on that date, and the court issued a bench warrant for his arrest in each case. That same day, the City filed petitions to revoke defendant's supervision, alleging that he had failed to comply with the conditions of supervision. Defendant was arrested on the bench warrants and released on bond. On June 7, 2006, the trial court discharged defendant from supervision in both cases.

On June 13, 2006, in each case the City filed and served a notice of a motion to reconsider. In neither case did the City file an actual motion. The notices indicated that the motions would be heard on June 21, 2006. On July 12, 2006, defendant filed special and limited appearances to contest the trial court's jurisdiction. Defendant contended that the trial court's jurisdiction had expired because more than 30 days had elapsed since the trial court had discharged him from supervision, and the City had failed to file a timely motion for reconsideration. In addition, defendant orally argued that to impose additional punishment after the discharge would violate the double jeopardy clauses of the United States Constitution (U.S. Const., amend. V) and our state constitution (Ill. Const. 1970, art. I, §10).

In response, the City asserted that the orders discharging defendant had been drafted and presented to the trial court by a Du Page County assistant State's Attorney who was present in the courtroom and who was laboring under the mistaken belief that defendant was being prosecuted by the State. The City also asserted that it had intended to make an oral motion to reconsider on June

21, 2006, but defendant's attorney had asked the City for a continuance so that he could review the case and undertake any necessary legal research. The City agreed, and the matter was continued to July 12, 2006. The City maintained that the continuance tolled the time for it to file its motion to reconsider.

On February 14, 2007, the trial court entered an order in each case vacating the discharge of defendant's supervision and continuing the case for a hearing on the petition to revoke supervision. Defendant appealed pursuant to Supreme Court Rule 604(f) (210 Ill. 2d R. 604(f)) and we consolidated the appeals.

Before examining the arguments on appeal, a few words about our jurisdiction are in order. Supreme Court Rule 604(f) permits an appeal from an order denying a motion to dismiss a criminal proceeding on the grounds of former jeopardy. Defendant's principal argument in the trial court was that the court's jurisdiction had lapsed due to the passage of time. However, as noted, defendant also orally argued that imposition of any further punishment would violate the double jeopardy clauses. In our view, this was sufficient to qualify as a motion to dismiss, and the trial court's orders vacating the discharge of supervision were, for all practical purposes, a denial of the motion. Further, because defendant was moving to dismiss not a proceeding to revoke his supervision but rather a proceeding to reinstate his convictions, the proceeding was criminal. Cf. People v. Trimarco, 364 Ill. App. 3d 549, 553 (2006). Accordingly, our jurisdiction is proper. Moreover, when jurisdiction exists under Rule 604(f), we may vacate, on grounds other than a violation of the guarantee against double jeopardy, a void order. People v. Bosley, 233 Ill. App. 3d 132, 138 (1992).

Turning to the merits, defendant argues, as he did below, that the guarantee against double jeopardy forecloses further punishment and that, in any event, the trial court lacked jurisdiction to

vacate the discharge of supervision. Because the latter argument is persuasive, it is unnecessary to decide the former point.

Section 5--6--3.1(e) of the Unified Code of Corrections (730 ILCS 5/5--6--3.1(e) (West 2004)) provides that "[a]t the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and enter a judgment dismissing the charges." The dismissal under this section does not constitute an acquittal, and the state and federal double jeopardy clauses do not forbid reinstatement of a conviction that has been discharged in error. See People v. Oswald, 106 Ill. App. 3d 645, 646-47 (1982).

The prosecution may move for reconsideration of a final judgment within 30 days after its entry. People v. Heil, 71 Ill. 2d 458, 461 (1978). However, if no such motion is made within that period, the trial court loses jurisdiction to vacate or modify its judgment. People v. Minniti, 373 Ill. App. 3d 55, 65 (2007). Here, the City filed only notices of motions for reconsideration, not the motions themselves. This court has held that "[a] notice of motion is not a motion and does not satisfy a statute or rule that requires the filing of a motion." People v. MacArthur, 313 Ill. App. 3d 864, 868 (2000). Thus, the notices did not extend the trial court's jurisdiction beyond the 30-day period, which ended on July 7, 2006.

The City argues that by asking that the hearing on the City's motion to reconsider be delayed, defendant tolled the time for filing the motion. The argument is meritless because "[l]ack of subject matter jurisdiction is not subject to waiver [citation] and cannot be cured through consent of the parties." People v. Flowers, 208 Ill. 2d 291, 303 (2003). Citing Clay v. Kuhl, 189 Ill. 2d 603 (2000), the City argues that "the tolling of a statute of limitations is appropriate in those instances where the

defendant actively misleads the plaintiff." It hardly follows, however, that conduct that tolls a statute of limitations will extend the trial court's jurisdiction. After all, a statute of limitations is simply an affirmative defense that may be waived if not properly invoked (In re Parentage of Janssen, 292 Ill. App. 3d 219, 228 (1997)), whereas lack of jurisdiction is not subject to waiver. In any event, the City's argument is not well grounded in fact. Apparently the City is of the view that defendant caused jurisdiction to lapse by requesting a continuance from the date when the City planned to present its motion orally. There is no evidence, however, that defendant actively misled the City about the consequences of failing to file a timely motion to reconsider. Rather, it is the City's carelessness, rather than any deception by defendant, that led to the lapse of jurisdiction in the trial court.

The City also notes remarks by the trial court suggesting that the court believed that one of defendant's attorneys may have exploited the assistant State's Attorney's confusion in permitting him to prepare the orders discharging defendant from supervision and had misled the court. The court indicated that the attorney's conduct bordered on fraud. The remarks were uncalled for. There is no direct evidence of any misconduct and no fair basis for inferring that any occurred. What the record tends to show is that the City failed to monitor its cases and that the assistant State's Attorney present in the courtroom was unable to determine which cases he was responsible for prosecuting. Indeed, the City concedes that it routinely accepts help from assistant State's Attorneys in preparing orders to be signed by the court. Even if the assistant State's Attorney exceeded his authority here, there is no reason to believe that defendant's attorney necessarily would have recognized that anything was amiss or that he was guilty of anything other than an honest mistake.

In any event, the City does not explain how any fraud in securing the discharge orders would affect the time period during which the City could move to set the orders aside. It is true that if the

orders were void, they could be set aside at any time under section 2--1401(f) of the Code of Civil Procedure (735 ILCS 5/2--1401(f) (West 2006)).  See <u>Ford Motor Credit Co. v. Sperry</u>, 214 Ill. 2d 371, 379 (2005) (noting that section 2--1401(f) codifies a common-law rule allowing a void judgment to be attacked at any time, and a petition to vacate brought under that subsection need not satisfy the usual prerequisites for relief under section 2--1401).  However, not all judgments obtained by fraud are void.  <u>In re Adoption of E.L.</u>, 315 Ill. App. 3d 137, 154 (2000).  "Courts distinguish between fraud that prevents a court from acquiring jurisdiction or merely gives the court colorable jurisdiction, and fraud occurring after the court's valid acquisition of jurisdiction, such as false testimony or concealment."  <u>E.L.</u>, 315 Ill. App. 3d at 154.  Only the former type of fraud--which is sometimes called "extrinsic fraud"--renders a judgment void.  <u>E.L.</u>, 315 Ill. App. 3d at 154.  Extrinsic fraud "occurs in situations where an unsuccessful party has been prevented from fully exhibiting his case by being kept away from the court or is kept from gaining knowledge of the suit."  <u>E.L.</u>, 315 Ill. App. 3d at 154.  Clearly, that did not occur here.

Finally, the City cites <u>People v. Bryant</u>, 369 Ill. App. 3d 54 (2006), in which it was held, <u>inter alia</u>, that the State forfeited appellate review of whether the trial court erred in granting an oral motion to withdraw a guilty plea.  Suffice it to say that <u>Bryant</u> is inapposite because the trial court's jurisdiction was not at issue in that case.

The trial court exceeded its jurisdiction when it entered the February 14, 2007, orders vacating the discharge of defendant's supervision.  The February 14, 2007, orders are therefore void and must be vacated.

Vacated.

BOWMAN and ZENOFF, JJ., concur.