**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210400-U

Order filed November 8, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Ninth Judicial Circuit, Knox County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0400 Circuit No. 12-CF-24 |
| STERLING M. NICHOLSON, | ) ) ) | Honorable Raymond A. Cavanaugh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court complied with our mandate and did not abuse its discretion in sentencing defendant on remand to 22½ years' imprisonment.

¶ 2     Following postconviction proceedings, we remanded this case for resentencing. Defendant appeals his new sentence, arguing the trial court did not comply with our mandate and did not "neutralize the taint" of his constitutional violation. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4        In this appeal, defendant challenges his sentence following a resentencing hearing in the trial court pursuant to our mandate in *People v. Nicholson*, 2021 IL App (3d) 180010. The facts of this case are detailed in our prior decisions, which we incorporate by reference. See *People v. Nicholson*, 2021 IL App (3d) 180010; *People v. Nicholson*, 2015 IL App (3d) 130463-U. We repeat only those facts necessary to resolve this appeal.

¶ 5        The State offered defendant plea deals, the most recent with a six-year sentence, but defendant rejected each offer. A jury later convicted defendant of aggravated domestic battery (720 ILCS 5/12-3.3 (West 2012)) against Mary Cannon. The trial court sentenced defendant, based on his criminal history, to a Class X term of 25 years' imprisonment. 730 ILCS 5/5-4.5-95 (West 2012). During sentencing, defendant stated, "If I was informed of all this prior to when the State offered me the six years *** I would have considered the plea more earnestly." In his postconviction petition, defendant claimed he received ineffective assistance of counsel when his attorney failed to advise him he was eligible for a Class X sentence. Had he known of his eligibility for such a sentence, he would have accepted the State's earlier offer of six years' imprisonment. During postconviction proceedings, defendant testified that in considering the plea "more earnestly," he meant, "if I'd known that all these things were possible, I most definitely would've took the six years, point-blank, and salvaged what remained of my life." He learned for the first time at sentencing he could be sentenced up to 30 years' imprisonment.

¶ 6        In defendant's first postconviction appeal, we found he established a successful claim of ineffective assistance of counsel and remanded the case to the trial court for resentencing. *Nicholson*, 2021 IL App (3d) 180010, ¶ 25. The resentencing hearing took place on June 17, 2021. After our mandate issued but before the resentencing hearing, Cannon passed away. The State presented new victim impact statements from Cannon and her son, Taylor Davis. (The State

obtained Cannon's second signed victim impact statement before her passing.) Cannon described living with a traumatic brain injury for the past nine years. Davis explained that his mother experienced a cognitive decline due to her injuries; her skull was fractured in 37 places, both her orbital bones were broken, her nose was broken, several of her teeth were knocked out, she suffered a concussion, had a cracked sternum, a broken rib, and a fractured pelvis. Defendant did not present any evidence in mitigation and did not make a statement in allocution.

¶ 7        In ruling, the trial court stated,

> "Probably the biggest issue I take is with the assumption that Mr. Nicholson if advised of the Class X potential sentencing, that he would have assumed or that he would have accepted the offer and, therefore would have been—received only six years in the Illinois Department of Corrections.
>
> I don't know how we can make that assumption in hindsight. I don't know how we can give him the benefit of the bargain of a bargain that he rejected. That he said, no. I'm not guilty.
>
>            * * *
>
> I think the truly troubling thing, Mr. Nicholson, is seeing that there's absolutely no remorse of record here.
>
>            * * *
>
> So I am finding that the great bodily injury took place to Ms. Cannon; that she suffered a considerable amount for the remainder of her life; that the defendant should be subject to an 85 percent sentence based on the great bodily injury finding.
>
> I'm finding that—as far as factors in mitigation, I find none as to the statutory factors. I do find the factor that the defendant has obtained an associate's

degree at Lake Land College during the last nine years of his incarceration and has no write-ups for infractions at the Department of Corrections.

As to aggravation factors, I do find factors 1, 3, and 7 exist. I also find that—well, I find that those three factors as were argued do exist because of the serious bodily injury that was inflicted on Ms. Cannon.

* * *

And what I'm struggling with is trying to decide as [counsel] said what is a fair sentence? What's fair? Well, there's nothing fair about this. There's nothing fair to you, to the loss of society, of having you being out there being a productive member of society, to the loss of *** Ms. Cannon for the last nine years of her suffering, to the fact that she's died now is indescribable. That's not your—not attributable to you.

But what is is [*sic*] your ten prior felony convictions by my count, six prior Class 2 felonies, one prior conviction on a Class 1 felony. I think I counted maybe seven misdemeanors. And what I would interpret from *** *Lafler* [*v. Cooper*, 566 U.S. 156 (2012)] *** and the Appellate Court's ruling is that there needs to be something less as far as a sentence.

So what I'm gonna impose as a sentence is a 22 year and 6 month sentence at 85 percent with a finding of great bodily harm to be followed by *** four years mandatory supervised release."

¶ 8 Defendant appeals.

¶ 9 II. ANALYSIS

4

¶ 10 Defendant argues the trial court failed to comply with this court's mandate because it disagreed he had suffered any constitutional violation, thereby modifying his sentence only slightly. Defendant also argues the trial court abused its discretion by fashioning a sentence which did not neutralize the taint of the constitutional violation. We address each issue in turn.

¶ 11 A. Compliance with the Mandate

¶ 12 Defendant argues this court should reduce defendant's sentence outright or remand again for resentencing for failing to comply with our mandate. "Where directions from a reviewing court are specific, the court to which the cause is remanded has a positive duty to enter an order or decree in accordance with the directions contained in the mandate." *People v. Payne*, 2018 IL App (3d) 160105, ¶ 9. "A circuit court may disagree with the resolution of a case provided by a reviewing court, but once the reviewing court has rendered its decision and issued its mandate, it must be obeyed." *People v. Brown*, 2022 IL 127201, ¶ 28. "Whether the trial judge complied with this court's mandate is a question of law subject to *de novo* review." *Payne*, 2018 IL App (3d) 160105, ¶ 9.

¶ 13 "Where a trial court is told to proceed in conformity with the reviewing court's mandate, the trial court should consult the opinion to determine what the mandate requires." *Emerald Casino, Inc. v. Illinois Gaming Board.*, 366 Ill. App. 3d 113, 118 (2006). Our mandate included the following instructions:

> "The trial court has the discretion to impose a sentence that is either (1) equal to the 6 years offered by the State or (2) greater than it but less than the 25 years [defendant] initially received. If it chooses the latter, the court *should* consider the length of time already served on his current sentence. Finally, in exercising its discretion, the court *may* consider facts relevant to the aggravated domestic battery

5

conviction offense that were revealed after [defendant's] trial and sentencing hearing." (Emphasis in original.) *Nicholson*, 2021 IL App (3d) 180010, ¶ 25.

The mandate clearly instructed the trial court to exercise its discretion in imposing a prison sentence greater than or equal to 6 years but less than 25 years.

¶ 14   We relied on *Lafler*, 566 U.S. 156, in determining the appropriate remedy on remand. That defendant was offered 51 to 85 months' imprisonment in exchange for a guilty plea, but he rejected the plea offer on the advice of his attorney. *Lafler*, 566 U.S. at 160. After a jury trial, he was convicted and received a mandatory minimum sentence of 185 to 360 months' imprisonment. *Id.* On appeal, the United States Supreme Court found the defendant had satisfied the standard for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 174. In addressing the appropriate remedies to a sixth amendment violation, the Court stated:

> "Sixth Amendment remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.' Thus, a remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." (Internal citations omitted.) *Id.* at 170.

¶ 15   As a remedy for defendants who decline a plea offer due to ineffective assistance of counsel and then receive a greater sentence following trial, "the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between." *Id.* at 171.

> "In implementing a remedy *** the trial court must weigh various factors; and the boundaries of proper discretion need not be defined here. Principles

6

elaborated over time in decisions of state and federal courts, and in statutes and rules, will serve to give more complete guidance as to the factors that should bear upon the exercise of the judge's discretion. At this point, however, it suffices to note two considerations that are of relevance.

First, a court may take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her actions. Second, it is not necessary here to decide as a constitutional rule that a judge is required to prescind (that is to say disregard) any information concerning the crime that was discovered after the plea offer was made. The time continuum makes it difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer, but that baseline can be consulted in finding a remedy that does not require the prosecution to incur the expense of conducting a new trial." *Id*. at 171-72.

¶ 16 We instructed the trial court to exercise discretion in determining whether defendant should receive the prison term the government offered in the plea, the sentence he received at trial, or something in between, specifically to exercise discretion in fashioning a sentence greater than or equal to 6 but less than 25 years' imprisonment. The trial court at resentencing exercised its sentencing discretion and sentenced defendant to a term between 6 and 25 years, thereby complying with our mandate and with *Lafler*.

¶ 17 Defendant argues the trial court disagreed he suffered a constitutional violation and furthermore disagreed with our mandate, to which he attributes his slightly reduced sentence. Even if we read the trial court's comments as a statement of disagreement with our decision, the record nevertheless shows the court did what we instructed it to do. See *Brown*, 2022 IL 127201, ¶ 28.

Moreover, we reject defendant's argument that the trial court disregarded the constitutional violation, because the trial court specifically commented on the unfairness of the situation to defendant. We find the court complied with our mandate.

¶ 18                    B. Neutralizing the Constitutional Violation

¶ 19          Defendant argues the trial court abused its discretion in fashioning a sentence on remand that did not "neutralize the taint" of the constitutional violation. The trial court has discretion to determine the correct remedy and therefore defendant's sentence on remand. *Lafler*, 566 U.S. at 171. The remedy must "neutralize the taint of the constitutional violation" without granting a windfall to defendant. *Id.* at 170. "Thus, we review the trial court's decision to determine if it abused its discretion in fashioning a remedy that would neutralize the taint of the sixth amendment violation." *People v. Hudson*, 2017 IL App (3d) 160225, ¶ 13. "An abuse of discretion will be found only when the trial court's decision was arbitrary, fanciful or unreasonable or where no reasonable [person] would take the view adopted by the trial court." *People v. Chambers*, 2016 IL 117911, ¶ 68.

¶ 20          The *Lafler* court noted the purpose of resentencing in this type of case is to "neutralize the taint of the constitutional violation." *Lafler*, 566 U.S. at 170. However, the Court also noted the factors for a trial court to consider in exercising its sentencing discretion and took care to not limit the bounds of this discretion. The Court specially noted a trial court may consider a defendant's unwillingness to accept responsibility and is not required to disregard any information learned after the plea offer was made. *Id*. at 171-72. "The trial judge is in the best position to observe and weigh the myriad of factors involved in the sentencing process." *People v. Young*, 124 Ill. 2d 147, 160 (1988). "A trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating factors nor considers improper factors in aggravation." *People v. McGee*, 2020

8

IL App (2d) 180998, ¶ 8. "A sentence must be based on the particular circumstances of each case and depends on many factors, including the defendant's criminal history and the need to protect the public and provide a deterrent to crime." *Id.*

¶ 21        The trial court here spent a great deal of time during the resentencing hearing explaining the sentence and reasons for it. At no point did defendant express remorse for his actions. He presented no evidence in mitigation, and the trial court found no statutory factors in mitigation applied. See 730 ILCS 5/5-5-3.1 (West 2020). However, the court did consider the fact defendant received a college degree while incarcerated and had no disciplinary write-ups. But the court found the following factors in aggravation applied: the defendant's conduct caused or threatened serious harm; the defendant had a history of prior criminal activity; and the sentence was necessary to deter others from committing the same crime. 730 ILCS 5/5-5-3.2(a)(1), (3), (7) (West 2020).

¶ 22        Defendant takes issue with the trial court appearing to use the original 25-year sentence as a resentencing baseline, rather than the 6-year plea offer. Nothing in the record, however, supports that the trial court utilized its original 25-year sentence as a baseline in fashioning the new sentence on remand. While the trial court can consider the plea offer as a baseline in attempting to restore defendant and the State to the positions they occupied before defendant rejected the plea offer, it is nevertheless free to consider a myriad of other pertinent factors in fashioning a new sentence. (*supra* ¶ 20*; Lafler*, 566 U.S. at 171-72).

¶ 23        Defendant relies on *People v. Hudson*, 2017 IL App (3d) 160225, for the proposition that his new sentence did not remedy the constitutional violation he suffered. However, *Hudson* is distinguishable. In that case, the trial court outright rejected the remedy a federal court found appropriate in the defendant's *habeas* proceedings. Instead, it maintained the life sentence it originally imposed, thus providing no remedy at all for the constitutional violation.

¶ 24    Finally, we reiterate the trial court is in the best position to consider the various factors in sentencing defendant. In this case, the trial court imposed a 22½-year sentence after carefully considering the factors suggested by *Lafler*, the factors specified in our mandate, and the statutory factors in aggravation and mitigation. Ultimately, the trial court did not abuse its discretion in crafting defendant's reduced sentence; it complied with *Lafler* and the confines of our mandate.

¶ 25                                    III. CONCLUSION

¶ 26    The judgment of the circuit court of Knox County is affirmed.

¶ 27    Affirmed.